Judgment of Supreme Court <i>reversed</i>, 12 to 8.

---

EQUITABLE ASSIGNMENT.

---

Hosack and Blunt, executors, &c. v. Rogers, &c., executors, 18 Wend. 415.

<i>Equitable Assignment.</i>

The principal point decided by the Chancellor, and the only one overruled by the Court of Errors, on appeal in this case, was as follows :

A firm consisting of three persons became insolvent, and made an asssignment of the co-partnership property for the

payment of its creditors, and the senior partner covenanted that he would pay to such of the creditors as should release the two junior partners, the full amount of their debts, (if the assigned property was not sufficient,) out of the proceeds of his claims upon the French government, when the same should be received. The senior partner afterward died, leaving as his executor R., one of the creditors of the firm who had become a party to the assignment, and who afterward recovered a part of the claims of the senior partner upon the French government. The Chancellor held, that the covenant was in equity a *specific appropriation* of the fund for the payment of the balance due to the creditors, who executed the release to the two junior partners, which entitled them to a preference in payment out of that fund, as against the general creditors of the senior partner; and that the executor could therefore only have his *rateable proportion* of the fund with the others who also executed the release, but could not retain for his whole debt. But

The Court of Errors held: 1. That the *covenant* to pay by the senior partner, could not be construed into an *equitable assignment or mortgage* of the fund, so as to give the creditors a specific lien thereon; such covenant is merely personal. 2. That the moneys obtained from the French government under the treaty, in satisfaction for property of the testator, illegally captured on the high seas, are, in the hands of an executor, *legal,* and not merely *equitable* assets. And the executor being his creditor previous to the revised statutes, had a right, as against creditors of the same class, to retain the amount due to him. And 3. The *statute of limitations* could not be interposed in bar of the exercise of such right of retainer."

The residue of the decree of the Chancellor was *affirmed.*